Opinion by
Mr. Justice Day.
Plaintiff in error, who will hereinafter be referred to as defendant, was convicted by jury verdict in the Denver district court of burglary and conspiracy to commit burglary. To the judgment and sentence of the court, he prosecutes this writ of error.
His argument for reversal centers entirely around alleged errors in the reception of evidence by the court. This point is broken down into two segments: (a) the cross-examination by the district attorney of one of his own witnesses; and (b) the admission in evidence by the court of certain exhibits which were objected to as being irrelevant, immaterial and “not shown to be connected with the defendant in any manner.”
The facts in the case are not very complicated. Two young men, described as being in their 20s, were seen by neighbors parking a pick-up truck and walking down an alley at 10 o’clock at night in a manner to arouse suspicion. The men disappeared from sight in the vicinity of a home owned by a Mr. and Mrs. Ralph B. Haley. While they were gone, the neighbors examined the pickup truck and made a notation of the license number.
Some time later these same two men were seen to return to the pick-up truck carrying what appeared to be a white pillowcase. They got into the truck and drove away. The neighbors then went to the Haley home, noticed a broken basement window and the front door ajar. They found a screwdriver by the broken window. The police were summoned. The interior of the house *203 was examined and found to be in considerable disarray. A flashlight was discovered in the home, and this and the screwdriver were turned over to the police.
When the Haleys returned home they first noticed a pillowcase had been removed from a pillow which their young daughter had left on the kitchen table. They then discovered that their home had been ransacked, and that an electric travel iron, necklace, bracelet and earrings were all missing.
The license number having been furnished to them by the neighbors, the police checked out the pick-up truck and found it belonged to one Manuel Garcia. He, it developed, is an uncle of the defendant. Garcia admitted that he had loaned his pick-up truck to the defendant the night before the burglary. He identified the screwdriver found near the broken window as being his and as being one of the tools in his pick-up truck. The police found in the Garcia home, in a flour sack, an electric travel iron, necklace, bracelet and earrings. All of these items were identified by Mrs. Haley during the trial and were among the other exhibits, the admission of which into evidence was objected to by the defendant.
The flashlight was examined for fingerprints. A latent print, easily discernible on the barrel of the flashlight was identified as being the fingerprint of the defendant. The screwdriver also was admitted into evidence over defendant’s objection.
On the first assignment of error defendant states it was error for the court to permit the district attorney to cross-examine, by leading questions, Manuel Garcia, the uncle of defendant. This cross-examination was permitted when Garcia, who had given to the police the statement previously alluded to, testified differently at the trial. The district attorney, claiming surprise, was permitted — after proper foundation was laid — to cross-examine Garcia concerning the statements he had given the police officer at the time they traced the pick-up *204 truck to his home and found the alleged stolen articles in his house. He admitted giving the statements, but said they were “a pack of lies.”
In the early case of Babcock v. People, 13 Colo. 515, 22 Pac. 817, this court first enunciated the well settled rule that it is in the sound discretion of the trial court whether to permit a party to cross-examine his own witness and to ask him about certain inconsistent statements where the witness’ testimony is contrary to the party’s reasonable expectation. It must appear that the party “is really taken by surprise at the conduct of his own witness” and that the evidence of prior inconsistent statements requires preliminary foundation. Babcock v. People, supra; Coplin v. People, 67 Colo. 17, 185 Pac. 254; Ware v. People, 76 Colo. 38, 230 Pac. 123.
Unquestionably, the testimony in the instant case meets the requirements of the rule. A proper foundation was laid; the witness demonstrated that he was hostile; and finally, his refusal to testify in a manner consistent with the statements previously given to the police was not expected by the district attorney when he was called. We do not discern in the record any abuse of discretion on the part of the court in permitting the cross-examination.
Upon the introduction of the exhibits, objection was made on the ground that none was shown to be “connected with the defendant.” Each was relevant to the prosecution and each had probative value and was, therefore, admissible.
In a burglary case it is not necessary that the goods or things taken in the burglary be found on or in the exclusive possession of the defendant. The articles of jewelry and the iron were identified by the victim of the burglary, and their admission into evidence tended to establish the corpus delicti — that a larceny was committed and that whoever broke into the house did so with larcenous intent. The screwdriver was admissible to show the instrument capable of use in effect *205 ing the breaking in. The finger print, properly identified with known prints of the defendant, was also clearly admissible.
The judgment is affirmed.
Mr. Justice Frantz and Mr. Justice Schauer concur.