Opinion by
MR. JUSTICE GROVES.
The defendant was found guilty of second-degree murder. We affirm.
The following facts were developed at the trial: The wife of the defendant was the victim. They were separated and the victim had commenced a divorce action. During the separation the defendant had made a number of threats against his wife. On the night of her death she and a male friend were in the latter’s car, which was parked in the alley behind her home. The defendant appeared, threw a rock through the windshield and, holding a knife at the victim’s throat, pulled her from the car. The defendant inflicted a non-fatal cut on her throat. The friend confronted the defendant with a beer bottle, and the defendant departed, threatening as he left that he would “get” his wife.
The police were called and came to her home. After the officers left, the victim concluded to go with her children to her mother’s house for the night. The friend was in the car. The wife brought her daughter Diana, aged 7, to the vehicle, and returned to the house to bring clothing and her other two children. At this point, the friend and Diana heard a shot and the decedent’s scream. He ran to call the police. Diana observed her father running down the alley with a rifle.
The police arrived shortly thereafter and found the victim dead as a result of a bullet wound in the chest. Nearby they found a .270 caliber rifle shell. The defendant had owned a *75 .270 rifle. When the defendant was apprehended in his automobile a short time later a knife and a quantity of .270 caliber ammunition were found in the car. No rifle was ever located. Upon a consent search of the defendant’s apartment, a rifle case was found.
I.
The principal points of error asserted by the defendant are (1) improper remarks by the prosecutor in his opening statement, and (2) the admission in evidence of an in-custody statement made before the defendant consulted an attorney.
Prior to trial, a judge other than the trial judge denied a motion to suppress the rifle case. In his opening statement, the deputy district attorney stated that at the time of the search of the defendant’s apartment, the police found a rifle case, “the case that did hold this rifle.. . .” The defendant’s counsel made prompt objection. Later, during the trial, the court ruled that the rifle case was inadmissible in evidence. Defendant’s counsel then unsuccessfully moved for mistrial by reason of the opening statement concerning the rifle case. The grounds of the motion were broader than this, but evidence introduced at the trial supported other statements made by the prosecutor in his opening remarks to the jury. The court instructed the jury both orally and in the written instructions that statements of counsel are not evidence.
With a setting of such overwhelming evidence of defendant’s guilt, the remarks in the opening statement were sufficiently unimportant and insignificant to constitute harmless error. Harrington v. California, 395 U.S. 250, 89A S. Ct. 1726, 23 L. Ed. 2d 284 (1969); and Chapman v. California, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1966). As was restated in Lutwak v. United States, 344 U.S. 604, 73 S. Ct. 481, 97 L. Ed. 593 (1952), a defendant is entitled to a fair trial, not a perfect one. The trial court instructed the jury to disregard the statement. This is a case in which we can and do assume that the jury followed the instruction, cf. Bruton v. United States, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968).
The declaration or denial of a mistrial was within the *76 sound discretion of the trial court, and this discretion was not abused. Lee v. People, 170 Colo. 268, 460 P.2d 796 (1969). Since we affirm, we elect not to pass on the Attorney General’s contention that the court erred in not admitting the rifle case.
II.
As the defendant presented no evidence, there was no conflict as to content of the statements made by the defendant upon his arrest, nor as to the circumstances under which they were made. While the defendant was being transported to jail immediately following his arrest, one of the police officers advised him as to his rights, reading these from a card which the officer carried. The advisement of rights was adequate, and no contention is made otherwise. The defendant was asked if he understood the rights that had been explained to him and he answered in the affirmative. He was then asked, “having these rights in mind, do you wish to talk to us now?” He answered, “Yes, I don’t — I didn’t do anything, Í haven’t done anything.” In answer to questioning as they drove to the jail, the defendant stated that he had been at a certain lounge all of that evening; that he had not seen his wife for two or three weeks; and that he had sold his .270 rifle to “a party in Grand Junction two or three weeks earlier.” The defendant asked, “Who was shot?” When told by an officer that he didn’t know, the defendant stated that it was his wife, “because she had been going with a Mexican and a nigger, and also that two months prior to that [defendant] had threatened her life.” The defendant then stated “I better not say anything more, I better talk to my attorney before I say anything else.”
The foregoing statements were admitted in evidence. Further statements attributed to the defendant made on other occasions were excluded.
As was the case in Reed v. People, 171 Colo. 421, 467 P.2d 809 (1970), it was proper for the trial court to infer from the surrounding facts and circumstances that the defendant waived his right to remain silent. Indeed, the facts in support of a waiver are stronger here. He demonstrated that *77 he had waived his right by revoking the waiver after making a few statements.
III.
The other assignments of error do not merit discussion.
Judgment affirmed.
MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE KELLEY and MR. JUSTICE ERICKSON concur.