## No. 24699

### Pedro Roybal v. The People of the State of Colorado
(496 P.2d 1019)

Decided May 15, 1972.

Mellman and Mellman, Gerald N. Mellman, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Robert L. Hoecker, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Pedro Roybal was convicted in the Denver District Court of the crime of attempted burglary in violation of 1967 Perm. Supp., C.R.S. 1963, 40-25-1, and sentenced to the Colorado State Penitentiary. He challenges the validity of the conviction, asserting prejudicial error was committed by the trial court. We agree, and reverse the judgment of conviction.

The undisputed record of events giving rise to the charges against Roybal show that at approximately 3 a.m. on June 15, 1969, police, in response to a silent burglar alarm, were dispatched to investigate the scene of an alleged burglary in progress at 901 Tejon Street in Denver. Upon arriving at this address, they found a railroad boxcar on the siding adjacent to the business premises of Premium Beverages, Inc., a company engaged in the sale of malt beverages. The street-side door of the boxcar was open approximately two

feet. A white Ford sedan was parked near the boxcar and defendant Roybal and his girl friend were standing beside the boxcar, approximately two feet away, looking in the open door. The boxcar was loaded with cases of beer.

The record further shows that the boxcar door had been locked at approximately 5:30 p.m. of the previous day and a silent burglar alarm system had been activated. The record does not indicate when the silent alarm system signaled that the boxcar door had been broken open. No burglar tools were found at the scene. Nothing had been removed from the boxcar.

Roybal and his girl friend were immediately arrested. He was handcuffed and placed in Officer Carter's patrol car. She was put in a second patrol car. Officer Carter then orally advised Roybal of his rights. Roybal did not respond. In the words of Officer Carter, Roybal appeared to be intoxicated, although he seemed to know where he was. The officer felt he understood the advisement. He was not asked if he wanted an attorney or if he desired to make a statement. Two or three minutes after he was placed in the car, he was asked by Officer Carter: "What were you doing?" Roybal responded, "I was trying to get the beer." There was no further interrogation at that time.

Roybal attempted unsuccessfully to escape from the arresting officers. He was captured and taken to police headquarters, where he again attempted to escape. He was described as angry, obscene, belligerent and uncooperative. There, he was formally advised of his rights from a printed advisement form. He refused to sign the advisement form, and he refused to answer any questions.

At the trial, objection was made to the incriminating statement. An *in camera* hearing was held. The court ruled that the incriminating answer given to Officer Carter's question was not as a result of a custodial interrogation; that the advisement of rights as required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, was not necessary under the circumstances of the case; and that "* * * any waiver, if there was a waiver in this case,

was knowledgeable, and there was no conflicting or contravening evidence presented to the court to negate the showing of voluntariness and the fact that the waiver was knowledgeable." The statement was thereupon admitted into evidence.

The jury acquitted Roybal of conspiracy to commit burglary, but convicted him of attempted burglary.

■ As we view the entire record, the sufficiency of the evidence to sustain the conviction depends upon the admissibility of Roybal's statement. Absent the incriminating statement, the entire evidence upon which the conviction could be based was circumstantial and we do not discover sufficient circumstances upon which a jury could exclude every reasonable hypothesis of innocence. *Maynes v. People,* 169 Colo. 186, 454 P.2d 797; *Mathis v. People,* 167 Colo. 504, 448 P.2d 633. Proof that stands no higher than the level of suspicion, surmise or conjecture has no substance and cannot form the basis of a conviction under our system of criminal justice, which requires proof of guilt beyond a reasonable doubt. *Stull v. People,* 140 Colo. 278, 344 P.2d 455.

■ The admissibility of the statement must be examined in light of *Miranda v. Arizona, supra,* and the decisions of this Court. First of all, we note the *Miranda* protections must be afforded when the person suspected of criminal conduct is subjected to police interrogation "while in custody at the station or otherwise deprived of his freedom of action in any significant way." Quite clearly, here, Roybal was in custody — under arrest, handcuffed and placed in the police vehicle when he was interrogated. Secondly, having been advised of his rights, he could not be effectively interrogated until given an opportunity to exercise his rights, unless he knowingly and intelligently waived them. Clearly, Roybal was not asked if he desired an attorney and was not given an opportunity to obtain one. Nor did he expressly waive his rights. An examination of the evidence shows he did nothing verbally or by conduct from which a waiver could fairly be implied. For aught that appears in the record, Roybal did nothing other than sit silently in the

police car until he was asked the question which elicited the incriminating response. A valid waiver will not be presumed simply from the silence of the accused after warnings have been given. *Miranda v. Arizona, supra; Carnley v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70; *Billings v. People,* 171 Colo. 236, 466 P.2d 474.

The burden is upon the People to show attendant circumstances sufficient from which a knowing and intelligent waiver may be implied. *Wafer v. People,* 175 Colo. 332, 488 P.2d 73; *Reed v. People,* 171 Colo. 421, 467 P.2d 809. In *Reed v. People, supra,* this Court stated the rule of implied waiver as follows:

"* * * Strong and unmistakable circumstances may upon occasion establish an effective equivalent to an express waiver. To constitute such a waiver, the attendant facts must show clearly and convincingly that the accused did relinquish his constitutional rights knowingly, intelligently and voluntarily."

The record here does not show any strong and unmistakable circumstances from which it can fairly be said that Roybal knowingly, intelligently and voluntarily waived his constitutional rights. We hold the incriminating statement was inadmissible. There being an absence of sufficient competent proof of guilt, the conviction must be set aside.

The judgment is reversed and the defendant ordered discharged.