## No. 24597

**Herbert B. Duncan v. The People of the State of Colorado**
(497 P.2d 1029)

Decided May 30, 1972.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Herbert B. Duncan, III, was apprehended for a traffic offense near Castle Rock, Colorado, on January 10, 1969. In addition to his own identification he was found to have in his possession the wallet and identification papers of one John F. Pendergast, Jr., which wallet and papers, it was later determined, had been stolen from Pendergast's automobile in Chicago in the fall of 1968. Following the arrest, the Colorado State Patrol advised the Denver Police Department that a car on the Denver police pick-up list was in their possession and that an occupant of the car had a "double identity." A Denver policeman thereupon went to Castle Rock and returned Duncan to Denver.

He was thereafter charged with forgery of a check with intent to defraud the Denver U. S. National Bank, John Pendergast, Jr. and the First State Bank and Trust Company of Park Ridge, Illinois. This charge stemmed from the fact that a check written to "Cash" for an amount of $250 had been deposited in Duncan's checking account in the Denver U. S. National Bank. The check was one of several blanks stolen from Pendergast's automobile, and was signed with the name "John F. Pendergast." At the trial, John Pendergast testified that he did not sign the check, nor did he authorize his signature to be placed upon it.

Duncan was convicted and now complains that the judgment of conviction must be reversed for the following reasons: (1) the trial court erred in finding a knowing and intelligent waiver of his right to counsel and in admitting his extrajudicial statements to police concerning his dual identity; (2) the prosecution did not present evidence sufficient to support the conviction; and (3) it was error for the court to allow a prosecution witness to testify under the shopbook exception to the hearsay rule. We do not find merit in Duncan's arguments and accordingly we affirm the decision of the trial court.

## I.

Duncan first argues that it was error for the trial court to admit into evidence his statements to police that he was both Duncan and Pendergast. A corollary of his argument is that he was not apprised of the forgery charge against him and that he was therefore deceived by the police. These contentions are totally devoid of substance.

The record discloses that Duncan was twice advised of his constitutional rights. The first time was in the Douglas County Jail in Castle Rock at which time the police officer was preparing to return Duncan to Denver. The second time was at the Denver Police Building at which time Duncan signed an advisement form; including a separate signature under the section proclaiming: "Knowing my rights and knowing what I am doing, I now wish to voluntarily talk to you." After the first advisement, the Denver police officer, who was required to sign for Duncan's personal effects, inquired of Duncan's identity for the purpose of ascertaining what was included therein. At that time, Duncan claimed that both the Duncan and Pendergast identification papers were properly his. The police officer testified that he was confused by this statement and did not pursue the matter further.

We do not believe that Duncan's *Miranda* rights were violated in the verbal exchange that transpired as stated above. In passing on whether a statement is voluntary and whether the accused waived his right to counsel, the court must consider and examine the totality of the facts and circumstances of the case, and also the conduct of the accused. *Von Moltke v. Gillies,* 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309; *Reed v. People,* 171 Colo. 421, 467 P.2d 809; *Billings v. People,* 171 Colo. 236, 466 P.2d 474; *Commonwealth ex rel. McCray v. Rundle,* 415 Pa. 65, 202 A.2d 303. In the present case, the court did this in an *in camera* hearing and determined that the statement was voluntary, and we think the court was correct. We point out that Duncan presented no evidence at the *in camera* hearing.

The fact that no advisement form was signed by Duncan

after the first advisement, and that Duncan did not expressly decline the verbal offer of counsel did not render his statements concerning his dual identity inadmissible. He was not coerced, or forced to give the statements. And the record reveals that he may not have been responding to interrogation at all but may simply have responded to preliminary statements by the police officer concerning his identification. *Wafer v. People,* 175 Colo. 332, 488 P.2d 73; *Habbord v. People,* 175 Colo. 417, 488 P.2d 554; *Reed v. People, supra.*

In the light of these circumstances, we find adequate grounds for the trial court's holding that Duncan understood his rights and intelligently and knowingly waived them, and that his statements were admissible into evidence.

■ Moreover, we believe that Duncan was not deceived in his not having been apprised of the forgery charge. The investigating officer was not aware of the possible forgery charge against Duncan and cannot therefore be expected to have anticipated the charge.

II.

Duncan next assigns as error the court's refusal to grant a new trial on the basis that the prosecution did not prove that Pendergast's wife did not write or authorize the writing of the forged check. This argument is patently lacking in validity.

■ In the present case, it was established that the check made out to "Cash" was a forgery. It was undisputed that the forged check for $250 was deposited in Duncan's checking account at the Denver U.S. National Bank, and that thereafter checks were drawn against that deposited amount by Duncan. An expert witness identified the writing on the face of the forged check, the endorsement of it, and the checks thereafter drawn against Duncan's account as Duncan's writing. These circumstances made a *prima facie* case on this issue. *See Tafoya v. People,* 148 Colo. 532, 366 P.2d 860.

■ Where a *prima facie* case is properly made, the jury is the trier of fact and the judge of the credibility of the witnesses and of the weight to be given their testimony.

*Tafoya v. People, supra.* The jury chose to believe the People's evidence, and the record reveals the evidence to be sufficient to support the guilty verdict.

### III.

Duncan lastly complains that one witness, Mr. Hannum, the Manager of the Customer Records Section of the Denver U. S. National Bank, should not have been allowed to testify since his testimony could only have been entered under the "shopbook" exception to the hearsay rule, and that exception applies only to civil cases. We do not find it necessary to speak to the merits of this issue for Duncan has not properly preserved this issue for appeal. Contemporaneous objection on the grounds now offered here was not made. This being the case, and absent serious prejudicial error, we decline to review this issue. *See Larkin v. People,* 177 Colo. 156, 493 P.2d 1, and the cases cited therein on this issue.

The judgment of the district court is affirmed.