No. C-1210

**The People of the State of Colorado v. Derrick Michael Davis, a/k/a James Peaker**

(573 P.2d 543)

Decided January 16, 1978.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, James S. Russell, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, G. Milton Bennett, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.


We granted certiorari in this case to consider the conviction of defendant-appellant, Derrick Michael Davis, a/k/a James Peaker (hereinafter, defendant), for theft of auto parts, section 42-5-104, C.R.S. 1973.[1] We affirm.

On August 8, 1976, around midnight, Doug Jones, manager of the Easthill Apartments in Colorado Springs, heard a loud noise outside his window. He went to investigate and saw two men standing next to a blue Chevrolet with Maryland license plates. The two men ran away. Jones checked the car and discovered in the back seat a flashy "mag" wheel matching those belonging to a tenant, Marshall Dunn. Jones awakened Dunn and, accompanied by Jones and a security guard, Dunn subsequently found his car sitting on rocks, missing three tires, wheels and hubcaps valued at over $300. Dunn confirmed that the tire in the blue car was one of those missing from his car.

While Jones, the guard and Dunn were surveying the scene, Jones noticed the defendant running toward them. Jones told the security guard that he thought the defendant was one of the two men he had seen earlier. Jones then confronted the defendant. The defendant said that he lived in the apartments and that the blue Chevy was his, but he denied knowing what had been going on. When Jones asked the defendant which apartment he lived in, the defendant gave an answer that Jones knew was false. The defendant then said he did not have to answer any more questions.

Police officer Granish arrived on the scene, talked to the security guard, and questioned the defendant. He then advised the defendant that he was under arrest and read the defendant his *Miranda* rights. The defendant stated that he understood his rights and consented to a search of his car. Granish informed the defendant that he was not required to submit to a search and that any incriminating evidence would be used against him. The defendant repeated his consent and signed a search waiver. Granish searched the blue Chevy and found a tire, hubcap and lug nuts. Granish could not open the trunk because the keys were unavailable. The defendant consented to a further search of the car at the impound lot. At police headquarters several hours later, Granish again interviewed the defendant after asking him whether he recalled the *Miranda* rights. Again,

---

[1] We granted the defendant's petition, made pursuant to C.A.R. 50, to certify to this court for decision his appeal then pending before the court of appeals. At that time, we had pending before us the case of *People v. Czajkowski*, 193 Colo. 352, 568 P.2d 23 (1977). Both cases attacked the constitutionality of section 42-5-104, C.R.S. 1973.

the defendant consented to talk.

The next day, August 10, the defendant's car keys were found at the scene and turned over to the police. Police detective Whiteman found Dunn's other two tires and wheels in the trunk of the defendant's car. Whiteman then interrogated the defendant. Before doing so, however, Whiteman gave the defendant a complete *Miranda* advisement as disclosed by his trial testimony.[2]

The defendant told the following story to Detective Whiteman. Defendant had driven to see his girl friend, Vicky Betts, who lived with her brother, near the scene of the crime.[3] He had loaned his car to one Dave Johnson at around 11 p.m. According to the defendant, Johnson returned at about 1 p.m., said the police were chasing him and told the defendant where he had left the car.

The defendant was charged with theft of automobile parts in violation of section 42-5-104. Before trial, the court denied the defendant's motion to dismiss the charges on grounds that the statute was unconstitutional. During trial, however, the court partially granted the defendant's motions to suppress his statements. The court suppressed the initial statement made at the scene because the defendant was under suspicion and his *Miranda* rights had not been timely given. The court suppressed the second statement on the grounds that it was fruit of the poisonous tree. The third statement which was made to Whiteman was admitted because it was independent and voluntary.

The defendant appeals his conviction on the grounds that: (1) section 42-5-104 is an unconstitutional deprivation of equal protection and due process, and it is unconstitutionally void for vagueness; (2) the court erred in admitting the defendant's third statement; and (3) the court erred in instructing the jury that they could infer guilt from recent possession of stolen property. We are not persuaded by these allegations of error.

## I. Constitutionality of Section 42-5-104

The defendant's argument that section 42-5-104, C.R.S. 1973,[4]

---

[2]"Q What rights did you give him?
"A I advised him that he did have the right to remain silent, anything that he said could and would be used against him in a court of law. He had the right to have an attorney either present before or during the interview, and if he could not afford to hire an attorney, the courts would appoint one to represent him if he so wished one.
"Q Did you ask him anything further?
"A Yes, I asked him if he would talk to me having these rights in mind, and I asked him if he did understand the rights as I had explain [*sic*] them to him, and he replied, 'A-ha, yes.'"

[3]At trial, Ms. Betts denied that he had been to her brother's apartment that night.

[4]"Any person who willfully and feloniously removes, detaches, or takes from an automobile which is the property of another any part, equipment, attachment, accessory, or appurtenance contained in, contained on, or forming a part thereof, of a total or combined value of twenty dollars or more and any person who aids, abets, or assists in the commission of any such willful and felonious act or acts is guilty of a felony and, upon conviction thereof, shall be punished by a fine of not more than one thousand dollars or by imprisonment in the state penitentiary for not less than one year nor more than ten years."

is an unconstitutional deprivation of due process and equal protection is without merit. We upheld the statute against the same attack in *People v. Czajkowski*, 193 Colo. 352, 568 P.2d 23 (1977). In that case we held that it was within the legislature's power to provide harsher penalties for acts it believed to have greater social consequences.

■ The defendant may not challenge section 42-5-104 on the grounds of vagueness because he did not raise that issue in a pretrial motion to dismiss or a motion for a new trial as required by Crim. P. 12(b) (2) and Crim. P. 33(b), respectively. *See People v. Pickett,* 194 Colo. 178, 571 P.2d 1078 (1977), and cases cited therein.

## II. Admissibility of Statement

The defendant argues that the admission of his statement to Detective Whiteman was error. He contends that it was not the product of a valid waiver because his incarceration was coercive and his alleged waiver was ambiguous. He also contends that the statement was fruit of the poisonous tree because it was the product of a continuing interrogation. We do not agree.

■ First, the fact that the defendant was questioned over a period of time[5] does not automatically establish harassment, nor does it render his statement involuntary. *See People v. Naranjo*, 181 Colo. 273, 509 P.2d 1235 (1973). While the length of defendant's incarceration was longer than that of *Naranjo*, at no time in the proceedings until now has the defendant raised any question of coercion or harassment by the police.

■ Second, *Miranda* does not require a defendant to expressly decline his right to counsel or his right to remain silent before a valid waiver of these rights occurs. The court must consider the totality of facts and circumstances, as well as the conduct of the defendant, in determining whether the accused relinquished his constitutional rights knowingly, intentionally and voluntarily. *Duncan v. People*, 178 Colo. 314, 497 P.2d 1029 (1972); *Reed v. People*, 171 Colo. 421, 467 P.2d 809 (1970).

■ The trial court determined after an *in camera* hearing that the defendant's statement was voluntary. We hold that the court was correct. There was no hint of threats made to the defendant, and the defendant had consistently consented to the search of his car. The defendant offered no testimony at the hearing. *See Duncan, supra; Reed, supra.* The defendant did not offer any testimony at trial that he was confused or misled by Whiteman or that he did not wish to talk.

## III. Jury Instruction

■ Lastly, the defendant contends that the trial court erred in instructing the jury that they could infer guilt from recent possession of

---

[5]In this case, from 2 a.m., August 9, to 10 a.m., August 10.

stolen property[6] because the evidence was insufficient to support such an instruction. He argues that the instruction was misleading because he was not shown to be in control or possession of the vehicle which contained the stolen property at any time after the theft was discovered. We are not persuaded by this argument.

The record discloses that the defendant admitted possession of the car and that he had driven it that night. The evidence shows that he fled from the car after being discovered by Jones. Jones, Dunn and the security guard saw Dunn's tire in the defendant's car. Also, the police found the other tires, wheels and hubcaps in the trunk of his car. This evidence was sufficient to justify the giving of the challenged instruction.

In *People v. Wilkie*, 185 Colo. 149, 522 P.2d 727 (1975), we held that *sole* and exclusive possession is not required. The key requisites are dominion and control of the premises or location where the stolen property is found. *See also Vigil v. People*, 160 Colo. 201, 415 P.2d 863 (1966). In light of the evidence adduced at trial, the judge properly instructed the jury on recent and unexplained possession of stolen property. *See People v. Bueno*, 188 Colo. 396, 534 P.2d 1196 (1975); *People v. Austin*, 185 Colo. 229, 523 P.2d 989 (1974).

The judgment is affirmed.

MR. JUSTICE CARRIGAN concurs in the result.

---

[6]The instruction given was essentially identical to the instruction which we upheld against a constitutional challenge in *People v. McClendon*, 188 Colo. 140, 533 P.2d 923 (1975).