MR. JUSTICE CARRIGAN
delivered the opinion of the Court.
This is an interlocutory appeal by the prosecution from a district court order suppressing the defendant’s confession. C.A.R. 4.1. The district court found that the prosecution had failed to prove a knowing and intelligent waiver of the defendant’s right to remain silent because the defendant had not affirmatively stated that he knew and understood his rights and was willing to waive them. We hold that the defendant validly waived his constitutional rights, and, therefore, the district court erred in suppressing the confession.
On the evening of April 17, 1978, the defendant Ferran was taken to the Pagosa Springs police station for investigation of a possible violation of the city’s open container ordinance. He was free to leave at any time and was released after questioning by Officers Gallegos and Volger.
*515 The next day Ferran was arrested pursuant to a warrant in Tierra Amarillo, New Mexico, for burglary, felony theft and felony criminal mischief. After being held there for two days, he waived extradition and on April 20, 1978, was returned to Pagosa Springs by Officers Gallegos and Volger.
The uncontradicted testimony at the suppression hearing revealed that on the return trip to Colorado, the atmosphere in the police van was casual and friendly. Officer Gallegos spoke of his fear of an ambush, and at a rest stop in Colorado he removed a machine gun from a box on the floor of the van and fired it out the window. Ferran did not react or comment and did not appear intimidated or afraid. After this incident, the casual, friendly conversation continued.
The men reached the Pagosa Springs police station on the night of April 20. About fifteen minutes after their arrival, Officer Gallegos, with no other officers present, began questioning Ferran. Gallegos testified that the defendant appeared alert and physically healthy and was not under the influence of drugs or alcohol. Ferran spoke and understood English.
After apprising Ferran of his constitutional rights, Officer Gallegos inquired, “Do you understand all that, Joe?” Ferran answered, “Yeah.”
Gallegos then said to Ferran, “Having these rights in mind, Joe, do you want to talk to me about all this, give me your side of the story?” Officer Gallegos testified that immediately after this question, the defendant nodded his head up and down indicating an affirmative response. Defendant then related his involvement in the burglary.
Ferran was fully aware that at all times during the interrogation a tape recorder in plain view was recording the conversation. He even reminded Officer Gallegos at the end of the interview that the tape was still running.
The defense motion to suppress the defendant’s statements was granted by the district court.
As a prerequisite to admitting the defendant’s statements as evidence, the state must meet its burden of proving that the defendant waived his right to counsel and his right to remain silent. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). To constitute such a waiver, all the circumstances, including the details of the interrogation and the defendant’s conduct, must demonstrate that he knowingly, intelligently, and voluntarily relinquished his constitutional rights. People v. Parks, 195 Colo. 344, 579 P.2d 76 (1978); Duncan v. People, 178 Colo. 314, 497 P.2d 1029 (1972); Reed v. People, 171 Colo. 421, 467 P.2d 809 (1970). While the better practice is to obtain written evidence of waiver, the absence of a written, or even oral, statement of waiver does not necessarily require suppressing the defendant’s statements. Reed v. People,supra; Bond v. United States, 397 F.2d 162 (10th Cir. 1968); United States v. Hayes, 385 F.2d 375 (4th Cir. 1967). We have previ *516 ously held that “strong and unmistakable circumstances may upon occasion establish an effective equivalent to an express waiver.” Reed v. People, 171 Colo, at 432, 467 P.2d at 814 (1970). The issue here is closely related. It is whether an express waiver may be communicated non-verbally with the same effect as if it had been stated in words.
After consideration of all of the circumstances preceding the de- , fendant’s confession, we hold that he knowingly, intelligently, and voluntarily waived his constitutional rights. He was alert and physically healthy. There was no indication of any infirmity that might render him especially susceptible to psychological coercion. Uncontradicted testimony revealed that the firing of the machine gun earlier in the day had not been intended to intimidate the defendant, nor was he intimidated by it. The defendant never denied that he understood his constitutional rights nor was there any indication that he lacked adequate capacity to comprehend his situation or his rights. Undisputed testimony disclosed that he nodded affirmatively when asked if he wanted to talk to Officer Gallegos about the incident. Further the inculpatory statements were made immediately after he had indicated that he understood his rights. Reed v. People, supra. We hold that where, as here, the defendant’s conduct clearly demonstrates his intention to waive his constitutional rights, that waiver may be accomplished by nonverbal communication. In law, as in life generally, there are cases where actions speak louder than words, and this, in our opinion, is such a case.
We recognize that better police practice would dictate obtaining tangible evidence of waiver. But, in the absence of such evidence, we conclude that the circumstances surrounding this confession demonstrate an effective waiver. The statements to Officer Gallegos should not have been suppressed.
The ruling suppressing the confessions is reversed and the cause is remanded for further proceedings consistent with this opinion.