## No. 22341.

JOSE ABRAM ARAGON *v*. THE PEOPLE OF THE STATE OF COLORADO.
(442 P.2d 397)

Decided June 17, 1968.

FRANK J. ANESI, Public Defender, Sixth Judicial District, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES F. PAMP, Assistant, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

PLAINTIFF in error, hereinafter referred to as the defendant or by name, was accused of burglary and grand larceny. Upon trial to a jury he was found guilty of burglary and not guilty of grand larceny. Judgment entered on the guilty verdict and defendant was sentenced to a term in the state penitentiary.

The evidence introduced upon the trial disclosed that between the hours of approximately 7:00 P.M. on the evening of August 24, 1964, and 4:00 A.M. the following day, a hardware store in Pagosa Springs, Colorado, had been broken into. Merchandise inside the store had been tampered with, a cash register had been broken and a small amount of money was missing therefrom. One witness testified that he saw a person inside the store in the early morning hours before daylight. Guns inside the store had been disarranged and one small gun was missing. There was some evidence that a few blood stains were observed in and about the store. None of the missing property was found in the possession of the defendant. Charles Aragon, Chief of Police at Pagosa Springs, testified that he saw the defendant about two blocks from the hardware store and that he had some blood on his trousers and had a cut finger. The witness is the uncle of the defendant.

About 6:30 A.M. on August 25, 1964, the defendant was arrested, without a warrant, by his uncle and placed in jail at Pagosa Springs. He was not taken before the county judge at Pagosa Springs to be informed of his rights. At about 8:30 A.M. on August 25 the defendant was placed in an automobile by his uncle (the Chief of Police) and taken to Durango, Colorado, for questioning by the representatives of the district attorney's office. Durango is the county seat of La Plata county and is approximately 65 miles from Pagosa Springs, which is the county seat of Archuleta county. On arrival in Durango the defendant was taken to jail where he was interrogated by Mr. DeLuche, an investigator for the district attorney. Defendant gave a statement which was reduced to written form and which he signed. This statement contained nothing which tended in any manner to implicate him in the burglary of the Pagosa Springs hardware store. About 1:00 P.M. he was fingerprinted and photographed by Captain Garnand of the Durango police department. Thereafter, at about 1:45 P.M. Cap-

tain Garnand questioned him after advising him "of his constitutional right as a citizen, that he did not have to make a statement, that he had a right to counsel, and so on and so forth." Captain Garnand then took a statement which was in his own handwriting but was signed by the defendant. This document contained an admission of guilt of the burglary and upon the trial it was received in evidence over objection of defendant. Following the above recited action by Captain Garnand the district attorney's investigator again questioned the defendant and secured a second statement signed by him in which he implicated himself in the burglary.

During all this time the defendant had nothing to eat. The investigating officers went to lunch and they explained that the reason Aragon had no lunch was that he said he was sick and could not eat.

▉▉ In determining whether error was committed in admitting the incriminating statements into evidence, under the peculiar circumstances of this case, we consider Colo. R. Crim. P. 5(a)(2) which reads as follows:

"When any person is arrested without a warrant he shall be taken within a reasonable time before the nearest available *county judge.* When a person is *thus arrested,* a complaint shall be filed within a reasonable time in the *county court* where the crime allegedly was committed and a copy of the complaint shall be delivered to the accused person." (Emphasis added.)

Colo. R. Crim. P. 5(b)(3) provides:

"When a defendant, arrested without a warrant, is taken before a *county judge,* the county judge shall inform him of the complaint against him *if a complaint has been filed. If no complaint has been filed* he shall be informed of the offense for which he has been arrested; of his right to retain counsel; of the amount of bail, if the offense for which he was arrested is a bailable offense; that he is not required to make a statement and that any statement made by him may be used against him. *The county judge shall allow the defendant rea-*

*sonable time and opportunity to call and consult counsel,* and when the amount of bail is fixed and the provisions of Rule 146 have been complied with, admit him to bail." (Emphasis added.)

The treatment to which the defendant was subjected in this case falls far short of compliance with the provisions of the above-quoted rules. In determining the consequences which follow a failure to comply with them, no rigid rule can be laid down. We do not necessarily hold that failure to comply with the above-quoted rules automatically invalidates a confession. Each case must be considered on its own facts. Here, no justifiable excuse is shown warranting the removal of defendant to a county seat other than the one in which the alleged offense was committed. A county judge was available in Pagosa Springs. The trial court found that the statements were voluntarily given. It also found that:

"* * * there is evidence that during the process the defendant expressed a desire for an attorney, at the same time stating that he was without funds to employ one, and further that the police affirmed his right to an attorney; there is no further evidence either of defendant's pressing his demand for counsel, or of the officers' taking action to secure counsel. * * *"

The objections to the incriminating statements should have been sustained. We were advised in oral argument that the defendant has completed his minimum sentence and is now on parole.

Nevertheless, the judgment is reversed and the cause remanded for a new trial, if it is deemed necessary in the interests of justice to retry the case against the defendant.

MR. JUSTICE DAY and MR. JUSTICE KELLEY concur.