BOHACHEF, Plaintiff in error, v. STATE, Defendant in error.

*No. State 159. Argued March 4, 1971.—Decided March 30, 1971.*
(Also reported in 185 N. W. 2d 339.)

696

For the plaintiff in error there was a brief by *Charles F. Polidori* and *Keegan, Polidori & Zablocki,* all of Milwaukee, and oral argument by *Charles F. Polidori.*

For the defendant in error the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *E. Michael McCann,* district attorney of Milwaukee county.

ROBERT W. HANSEN, J. Two issues are raised as to the admissibility of the admission of defendant that he burglarized the Butenhoff apartment. One relates to the time of its admission at the *Goodchild* hearing, the other to the fact of its being held admissible at trial.

*Admissibility of admission at time of hearing.*

The defendant seeks a bifurcation or compartmentalization of a *Goodchild* hearing into two completely separated phases or stages. First would come only testimony and cross-examination as to the circumstances leading up to the making of the admission or giving of the

confession. Then, and then only, at least on requested motion, would come examination and cross-examination dealing with substance or the contents of the statement given. Where, as is the case here, the trial court determines an admission or confession to be admissible, even the two-stage procedure would acquaint the judge with the substance of a statement prior to trial. Short of requiring one judge to hear the testimony on voluntariness of confession and another to determine guilt in trial to the court, such being informed in advance of trial could not be avoided. Requiring one judge to handle pretrial hearings and another to conduct the trial would hardly contribute to reaching the desirable goal of processing criminal cases with reasonable dispatch.[1]

What is more fundamentally wrong with the two-stage suggestion, whether or not an admission or confession is in fact found to be admissible or inadmissible, is that it assumes the complete separability of circumstances and content. In practice, this would limit the first stage to those circumstances that preceded the making of an admission. In the case before us, this would include the officers coming upon the defendant, his identifying himself, their noticing the headset in the opened trunk. The defendant's immediate volunteered response to the situation of admitting that the headset was the one taken in

---

[1] "'. . . This is a common function in the work of trial judges, and the absence of a rule requiring one judge to hear the testimony on voluntariness of a confession and another to determine guilt indicates satisfaction with the present practice. To hold otherwise would work an undue and unwarranted burden on district courts, especially in a case like this, where the issue of voluntariness does not arise until after the trial has commenced and defendant has waived a jury trial. Our jurisprudence postulates the ability of judges to dismiss from their minds, in reaching decisions, offers of evidence excluded by rulings after hearing arguments on admissibility of that evidence.'" *United States v. Brooks* (7th Cir. 1965), 355 Fed. 2d 540, 542, quoted with approval in *State v. Carter* (1966), 33 Wis. 2d 80, 88, 146 N. W. 2d 466. *See also: State v. Knoblock* (1969), 44 Wis. 2d 130, 170 N. W. 2d 781; *State v. Cleveland,* ante, p. 666, 184 N. W. 2d 899.

the burglary presumably would relate to content, not circumstance. Nor would the court have before it the fact that the defendant thereupon took the officers into his place of residence and showed other items taken in the burglary. It is the total situation—what was said and what was done—that here clearly establish the fact and support the finding of voluntariness. The trial court, at the *Goodchild* hearing, was entitled to have all that transpired before it as relevant on the issue of voluntariness. We find no error in the denial of the motion to subdivide the single *Goodchild* hearing into a required two-stage inquiry.

*Admissibility of admission into evidence at trial.*

The defendant claims that the police officer failed to adequately inform him of his constitutional rights. The testimony of the police officer is that he advised the defendant:

". . . that he had the right to remain silent; he didn't have to make any statements to me; if he wished to make a statement to me, it could be used against him in a court of law. I also informed him that he was entitled to have an attorney; that he was entitled to have this attorney present during my questioning; that if he did not have the funds to hire an attorney, the courts would appoint an attorney for him without obligation. I also informed him that if he wished to make a statement and during this statement changed his mind, he had the right to terminate the questioning or his statement at that time and remain silent. After I informed him of these rights, I asked him if he understood and wanted any of them explained any further, and he stated no."

The defendant contends that this admonition, as given, fails to meet the mandate of *Miranda* to-wit: ". . . the following measures are required. He must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one

will be appointed for him prior to any questioning if he so desires. . . ." [2] The defendant claims that the admonition suggests that, while one may privately retain counsel before any questioning, one is entitled only to appointed counsel after the questioning. We hold the admonition did meet the *Miranda* mandate. The police officer did inform the defendant accurately and adequately as to his rights. The defendant was informed that he was entitled to counsel, with no distinction made between retained or appointed counsel. He was advised that counsel could be present at the questioning. He was advised of his right to remain silent and his right to counsel.

In testing the adequacy of *Miranda*-required warnings, this court has made clear its position that substance, not form, controls. [3] As another court has put it, ". . . the words of *Miranda* do not constitute a ritualistic formula which must be repeated without variation in order to be effective. . . ." [4] Under any test, form or substance, we would hold the warning here given in full compliance with the *Miranda* mandate.

*Evidence sufficient to sustain conviction.*

The defendant on this issue argues that, because the apartment burglarized was shared by roommates, the state was required to prove the element of nonconsent to entry by both occupants. The contention is without merit. While each element of a crime must be established by the state beyond reasonable doubt, such proof may, as it is here, be supplied by circumstantial evidence. [5]

[2] *Miranda v. Arizona* (1966), 384 U. S. 436, 479, 86 Sup. Ct. 1602, 16 L. Ed. 2d 694.

[3] ". . . What is required is that he be made aware of his privilege, and possible consequences of his foregoing it. . . ." *Quinn v. State,* ante, pp. 101, 110, 183 N. W. 2d 64.

[4] *United States v. Vanterpool* (2d Cir. 1968), 394 Fed. 2d 697–699.

[5] *Bethards v. State* (1970), 45 Wis. 2d 606, 173 N. W. 2d 634; *State v. Kitowski* (1969), 44 Wis. 2d 259, 170 N. W. 2d 703.

This court has repeatedly said that ". . . a finding of guilt may rest upon evidence which is entirely circumstantial, . . ."[6] and specifically held that nonconsent may be reasonably inferred from such circumstantial evidence. The test on review is whether the evidence presented was sufficient to prove guilt beyond a reasonable doubt,[7] and the same standard applies whether the evidence relied upon is direct or circumstantial.[8]

Here the state proved that articles belonging to the occupants of the burglarized apartment were found in defendant's car trunk and in his room on the day of the burglary. The ". . . unexplained possession of recently stolen goods raises an inference of greater or less weight, depending upon the circumstances, that the possessor is guilty of the theft and also of burglary if they were stolen in a burglary."[9] Here the evidence was sufficient to establish the element of nonconsent, even without the strongly corroborative evidence of the defendant's admission that he did in fact commit the burglary with which he was charged.

*By the Court.*—Judgment affirmed.

[6] *Bethards v. State, supra,* at page 612; *State v. Wilson* (1968), 41 Wis. 2d 29, 162 N. W. 2d 605.

[7] *Jensen v. State* (1967), 36 Wis. 2d 598, 607, 153 N. W. 2d 566, 154 N. W. 2d 769. To reverse a conviction for insufficiency of evidence, this court must find: ". . . the evidence when considered most favorably to the state and the conviction must be so insufficient in probative value and force that it can be said as a matter of law that no trier of the facts acting reasonably could be convinced to that degree of certitude which the law defines as 'beyond a reasonable doubt.'" *Lock v. State* (1966), 31 Wis. 2d 110, 115, 142 N. W. 2d 183.

[8] *State v. Kitowski, supra,* at page 261.

[9] *State v. Johnson* (1960), 11 Wis. 2d 130, 104 N. W. 2d 379.