No. 24001.

PERCY JAGGERS *v.* THE PEOPLE OF THE STATE OF COLORADO.
(484 P.2d 796)

Decided May 10, 1971.

EDWARD H. SHERMAN, Public Defender in and for the City and County of Denver, EDWARD L. KIRKWOOD, Assistant, HUGH MORROW, Deputy, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, ROBERT L. HOECKER, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

THIS writ of error is brought by Jaggers, hereinafter referred to as defendant, from a conviction for aggravated robbery. Defendant in error will be referred to as the People.

On the evening of July 30, 1968, a 7-Eleven grocery store was held up in Denver. The prosecution called three witnesses; all of whom were in the store at the time of the robbery. Milton Romine testified that defendant and another man entered the store, the other man announced that it was a hold-up, and ordered everyone except himself (Romine) to the back of the store. Romine testified that defendant stayed with him (Romine) at the cash register. He further stated that although defendant never actually showed a gun, he did have a bulge under his shirt which looked like a gun. He finally stated that defendant was wearing sunglasses with dark rims.

Robert Yandell, a 7-Eleven store manager, also testified that defendant was one of the robbers. He admitted that he saw no weapon used by Jaggers, but testified that the other robber did have a gun. He stated he could not recall whether defendant had on glasses or not. Roy Lawson, a store employee, additionally identified defendant as one of the robbers. He testified that the defendant had on glasses of some sort, but made no mention of whether he had a gun.

Defendant took the stand to deny the robbery, and also called two alibi witnesses. The jury obviously chose to believe the prosecution witnesses, and found defendant guilty. Three allegations of error are raised, namely: (1) That the trial court erred in denying defendant's motion for judgment of acquittal after the prosecution's case as there was insufficient evidence to establish a prima facie case, (2) that defendant was not adequately advised of his rights, and (3) that a line-up was so unduly suggestive as to constitute a violation of defendant's rights as a matter of law.

I.

All three of the eyewitnesses positively identified the

defendant as one of the men who perpetrated the robbery.

The defendant contends that since the three eye-witnesses differed as to whether defendant was wearing glasses at the time of the robbery, there was not sufficient evidence of identity to go to the jury. The discrepancies complained of go strictly to the weight to be afforded the eyewitness testimony. *See Cokley v. People,* 168 Colo. 52, 449 P.2d 824; *People v. Spinuzzi,* 149 Colo. 391, 369 P.2d 427. There was no error in submitting the case to the jury.

II.

Defendant argues that he was not taken before a county judge within the time required by Colo. R. Crim. P. 5, citing *Aragon v. People,* 166 Colo. 172, 442 P.2d 397. The People properly point out that *Aragon, supra,* requires that each case be considered on its own facts, and that there the circumstances were such as to show a studied attempt to avoid taking the prisoner before the nearest county judge. In the instant case, the defendant admitted that he was taken before a county judge and advised of his rights before he made his statement. There are no circumstances present in this record which require the statements to be suppressed.

Defendant also argues that he was not adequately advised of his rights concerning statements and line-ups as required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, respectively, and that he did not make knowing and intelligent waiver of his rights as required by *Miranda* and *Wade.* We do not agree. Included in the record are People's exhibits "E" and "A." Exhibit "E" dated August 1, 1968, and marked 9:25 a.m., is an advisement of rights form containing all the warnings required by *Miranda, supra.* It also includes a waiver provision which is signed by defendant. Exhibit "A" dated August 1, 1968, and marked 9:30 a.m., is an advisement form which informs a defendant that he is going to be in a line-up, and that he has the right to

a court appointed attorney present. Included is a waiver provision which is signed by the defendant. In light of these two signed advisement forms, including waivers and testimony by the police officers, we cannot say the trial court erred in refusing to suppress defendant's statement and the results of his line-up identifications.

### III.

■ Defendant finally argues that the line-up at which he was identified was conducted in such an unfair manner as to constitute a violation of his constitutional rights as a matter of law. We are directed to exhibit "B," a picture taken at the time of the line-up which shows the relative appearance of the participants at the line-up. The picture indicates that there are minor differences in hair style and height. We cannot say, however, from having examined the picture, that these differences were so great as to constitute an unfair line-up as a matter of law. Under the circumstances, the weight to be given to the line-up identification was for the jury. *See Patton v. United States,* 403 F.2d 923, 926; *People v. Terczak,* 96 Ill. App. 2d 373, 238 N.E.2d 626.

The judgment of the trial court is affirmed.