No. 24950

## The People of the State of Colorado v. Millard Wayne Weaver
(500 P.2d 980)

Decided September 5, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant Millard Weaver was convicted of statutory rape. Trial was to a jury. During questioning by police after arrest, the defendant admitted intercourse with the alleged victim, a 16-year-old girl. On appeal, the defendant urges reversal on the ground that the trial court erred in not suppressing this

statement. The defendant's contention is without merit and we therefore affirm the judgment.

I.

The defendant first argues that he was not taken before a county judge within a reasonable time following arrest in violation of Crim. P. 5 and that this renders his statement inadmissible.

The defendant was arrested without a warrant near the scene of the alleged crime at approximately 7:30 p.m. on December 10, 1969, and taken into police custody. At 11:30 a.m. the next morning, the defendant was interrogated by a police officer. He had not been taken before a county judge prior to this interrogation during which he made the statement.

One of the central purposes of the cases and rules restricting unnecessary delay in bringing an arrested person before a judge is to insure that he will be fully informed of the offense involved and of his constitutional rights. *Mallory v. United States,* 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479; *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; *Aragon v. People,* 166 Colo. 172, 442 P.2d 397; Crim. P. 5.

The trial court found and we agree that this defendant was fully informed of his constitutional rights prior to the interrogation. At the *in camera* hearing on the defendant's suppression motion, there was no evidence that the defendant was in any way harassed or intimidated by the police. The defendant testified that no threats or promises were made to him by the police. It is also clearly shown from the record that the defendant at the time of interrogation was fully aware that he had been arrested on an accusation of rape.

The time element between arrest and interrogation in this case does not of itself necessarily indicate that there was non-compliance with Crim. P. 5. Assuming, however, there was an unnecessary delay involved, we have held in *Aragon v. People, supra,* that a failure to comply with Crim. P. 5 does not automatically invalidate a confession. Each case

must be considered on its own facts. If the statement is admissible as being in compliance with *Miranda,* it should not be invalidated because of non-compliance with Crim. P. 5 if the record also shows, as it does here, that there was no studied attempt to avoid taking the defendant before a county judge. *Jaggers v. People,* 174 Colo. 430, 484 P.2d 796.

II.

The defendant also maintains that his statement was obtained in violation of his constitutional privilege against self-incrimination. This contention is premised on the fact that he did not expressly decline to exercise his right to remain silent and his right to counsel after he was informed of all his *Miranda* rights. It is the defendant's belief that certain language of *Miranda* requires an express declination and that other circumstances of waiver, no matter how strong and unmistakable, may not be considered as an effective equivalent of a waiver resulting from an express declination.

In *Reed v. People,* 171 Colo. 421, 467 P.2d 809, we considered this same argument and concluded that *Miranda* does not make such an iron clad requirement for an effective waiver. In arriving at this conclusion, we quoted with approval the holding of *Bond v. United States,* 397 F.2d 162 (10th Cir.) to the effect that a fair interpretation of the language of *Miranda* does not require an express declination as an absolute from which, and only from which, a valid waiver can flow.

In our view, there existed strong and unmistakable circumstances in this case which convincingly show that the defendant waived the exercise of his constitutional rights knowingly, intelligently and voluntarily. This record reveals that immediately after he was fully advised of all his *Miranda* rights and stated that he understood those rights, he made the statement here in question. These circumstances, in our view, show with clarity an effective waiver on the part of the defendant. *Cf. Billings v. People,* 171 Colo. 236, 466 P.2d 474.

The defendant also indicated in his argument that

even if there had been an effective waiver of constitutional rights by the defendant, nevertheless, such waiver may have been counteracted by the fact that at the time he made the statement, he was of the belief that the charge would be forcible rape rather than statutory rape. It is clear from this record that defendant fully knew of the nature of the charge for which he was being held.

At the time of interrogation by police, it is frequently the case that the formal complaint has not yet been filed. Therefore, it cannot be expected that an investigating officer must anticipate the exact charge. It is sufficient if the accused knows the general nature of the crime involved. *Duncan v. People,* 178 Colo. 314, 497 P.2d 1029.

Judgment affirmed.

MR. JUSTICE DAY not participating.