## No. 24974

**The People of the State of Colorado v. James Leroy Reed**
(502 P.2d 952)

Decided October 10, 1972.      Rehearing denied November 27, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Theodore M. Smith, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

James Leroy Reed was found guilty by a jury of aggravated robbery. At trial, he was identified as one of the two men who held up a liquor store. The victim identified defendant Reed as the robber who held a gun on him while an accomplice jumped over the counter and removed approximately $135 from the register. The victim described the gun as an automatic pistol and testified that while the defendant was pointing the gun at him, he was "in fear of either death or bodily injury."

On appeal, the defendant urges reversal on two grounds. First, it is contended that the trial court erred in not giving a

simple robbery instruction. Second, the defendant maintains that his confession should not have been admitted in evidence because there was no intelligent waiver of his rights before he confessed. Also, the defendant argues that the confession was not admissible because he was not promptly taken before a county judge in violation of Crim. P. 5. No reversible errors are involved here and we therefore affirm the judgment of the trial court.

I.

█ It is the established rule in Colorado that in a prosecution where aggravated robbery has been charged, the trial judge must give an instruction on simple robbery when such instruction is requested by defendant and when it is supported by the evidence. *Phillips v. People,* 170 Colo. 520, 462 P.2d 594; *Hollon v. People,* 170 Colo. 432, 462 P.2d 490.

Of significance here is the lack of any evidence in this case to support an instruction on simple robbery.

The defendant urges that a simple robbery issue was raised by the evidence and therefore this court should reverse the trial court for its failure to give a simple robbery instruction. The defendant cites *Hollon v. People, supra,* as authority for this contention; however, *Hollon* is clearly distinguishable from the facts of this case. In *Hollon,* the issue of possible simple robbery was clearly raised by the cross-examination of the victim. In the instant case, none of the evidence, including the testimony of the victim, revealed anything which could be considered a basis for simple robbery.

The defendant was charged under 1967 Perm. Supp., C.R.S. 1963, 40-5-1(2) which in pertinent part provides that the offense of aggravated robbery occurs when the accused robber ". . . by the use of force, threats, or intimidation puts the person robbed . . . in reasonable fear of death or bodily injury, with a weapon; . . . ." It should be pointed out that the foregoing wording was not contained within the language of the prior robbery statute which was in effect at the time *Hollon* was announced.

█ Here, the evidence clearly showed the use of a gun in

perpetrating this robbery and that this put the person robbed in fear of death or bodily injury. Also, the victim in this case testified that the gun-pointing robber uttered some words, and that the victim didn't understand "the exact words he said"; he did, however, recall that this robber then ordered him to open the cash register. None of the evidence presented showed anything less than aggravated robbery. On the defendant's side of the case, no effort was made to dispute any of the evidence of aggravated robbery. Rather, the defendant's evidence attempted to show alibi. Under the circumstances, the trial court did not err in failing to give a simple robbery instruction to the jury. *People v. Ross,* 179 Colo. 293, 500 P.2d 127.

## II.

The record fails to support the defendant's claim that the trial court committed reversible error in admitting his confession into evidence.

The recent case of *People v. Weaver,* 179 Colo. 331, 500 P.2d 980, also involved the issues of waiver and adherence to Crim. P. 5. It was therein held that a knowing, intelligent and voluntary waiver of rights on the part of the accused may be implied from surrounding circumstances where there is no express declination. *See also Reed v. People,* 171 Colo. 421, 467 P.2d 809. Where it was also claimed that Crim. P. 5 was not adhered to, we held in *People v. Weaver, supra,* that this did not automatically invalidate a confession. *See also Aragon v. People,* 166 Colo. 172, 442 P.2d 397. The facts of this case are quite similar to the facts in *People v. Weaver, supra,* and therefore, our holding in that case is dispositive of this case.

Here, the police officers twice gave this defendant complete *Miranda* warnings after his arrest. On both of these occasions, the defendant stated that he understood his rights yet failed to exercise them. His confession immediately followed the second warning. After considering all the evidence, the trial court found that these circumstances were sufficient to show a knowing, intelligent, and voluntary waiver. We agree.

The purpose of Crim. P. 5, which requires that a defendant be taken before a county judge without unnecessary delay, is to insure that an accused is fully informed and completely understands all of his constitutional rights before he makes any statement to the police. Under the record of this case, therefore, if there was a lack of compliance with Crim. P. 5, it did not amount to reversible error, because it is shown with clarity that this defendant was fully informed of his constitutional rights and stated that he understood those rights. It should also be pointed out that shortly after his arrest, and before he gave the statement involved in this case, the defendant was taken before a county judge and fully informed of his constitutional rights although the matter involved in that appearance before the county judge did not concern the defendant's alleged robbery of the liquor store involved here.

Judgment affirmed.