## No. 25225

## The People of the State of Colorado v. Gary Wiedemer
(504 P.2d 667)

Decided December 26, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, Sara Duncan, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant Wiedemer, while an inmate at the Colorado State Penitentiary, was charged with burglary of the institution's pre-parole center and theft of $1,724 from the safe located therein. Shortly after the burglary and theft, the penitentiary officials transferred the defendant into a maximum security cell house while an investigation was conducted to determine if charges would be filed. After charges were filed, the defendant moved to dismiss them because of a failure to comply with Crim. P. 5(a)(1), which requires that an accused after he is arrested be taken without unnecessary delay before a county judge. This motion was denied by the trial court and at a subsequent jury trial, the defendant was found guilty of both charges. His sole contention on this appeal is that the trial court erroneously denied his motion to dismiss the charges. We disagree with this contention and therefore affirm.

Specifically, the defendant in his motion alleges that the arrest occurred when he was transferred into the maximum security cell house after the burglary. Whether this is an arrest as envisioned in Crim. P. 5, we do not decide here.

In our view, the central issue presented by this appeal is whether a defendant can ever prevail when he fails to support his motion by any showing that a Crim. P. 5(a)(1) violation — if in fact one existed — could be the cause of an unfair trial; particularly, with regard to a statement or confession which is subject to suppression because it was obtained prior to taking the accused before a county judge. The defendant failed to make such a showing here, and for this reason, we hold that the trial court properly denied this pretrial motion. Before an accused may prevail on such a motion, he must show that he would be unfairly prejudiced or would be denied some basic rights at trial because of the Crim. P. 5(a)(1) violation. *People v. Reed,* 180 Colo. 16, 502

P.2d 952 (1972) and *People v. Weaver,* 179 Colo. 331, 500 P.2d 980 (1972).

Only a speculative argument of possible prejudice was injected into the defendant's brief. No positive statement was made and no showing was presented as to how defendant may have been unfairly prejudiced at trial or may have been denied some basic rights during his trial. As indicated in *Aragon v. People,* 166 Colo. 172, 442 P.2d 397 (1968), a violation of Crim. P. 5 does not of itself automatically operate to require the granting of such a pretrial motion. Other facts of undue prejudice to the defendant emanating from the rule violation must also be established. Such a showing was not made here as previously stated.

Judgment affirmed.