### No. 25167

### The People of the State of Colorado v. Robert Gilmer
(511 P.2d 494)

Decided June 25, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, T. Peter Craven, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Defendant Robert Joseph Gilmer was charged with felony theft of an automobile in violation of 1967 Perm. Supp., C.R.S. 1963, 40-5-2. He was convicted by a jury and sentenced to the state penitentiary. We find no reversible error and therefore affirm the judgment.

The record reveals a rather unusual series of events culminating in the filing of the above charge against defendant. On October 11, 1969, State Patrolman Pendergast saw defendant in a stolen pickup truck at the west city limits of Eagle, Colorado. He stopped the defendant, who quickly exited from the truck and ran away. Twenty minutes later, defendant was again seen by Officer Pendergast in a 1966 Chevrolet belonging to D. O. and Mildred Johnson. This car is the subject of the theft charge. Again, when Officer Pendergast stopped defendant, he jumped out of the car and escaped.

Approximately four months later, defendant was arrested in Brighton, for a traffic violation. On the same day, he was delivered to the Eagle County sheriff to be taken to the Eagle County jail. During the trip back to Eagle, after being advised of his constitutional rights as required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, defendant made certain incriminating statements to Sheriff Seabry. At a pretrial hearing, defendant's motion to suppress these incriminating statements was denied.

At trial the defendant elected to testify in his own behalf. He related that while in the legal custody of the sheriff he had been in the Valley View Hospital at Glenwood Springs, where he had received various medications. He decided to borrow the pickup truck, which he knew to be stolen, in order to drive to the town of Bond where he had a girl friend who would then drive him to Denver. He then took the pickup truck and was thereafter stopped by the patrolman and succeeded in evading capture. He then determined to get another car with which to accomplish his purpose. He took the Johnson Chevrolet which is the subject of the theft charge. His theory of defense was that he did not intend to steal the Chevrolet but only to borrow it, and that if he was guilty of any offense he was guilty of joyriding and not theft.

## I.

Defendant contends that the trial court erred in refusing his tendered instruction No. C, which stated that joyriding is a lesser included offense of theft, and which enumerated the elements of the offense of joyriding. This Court recently rejected an identical contention in *Sandoval v. People,* 176 Colo. 414, 490 P.2d 1298, wherein the Court specifically held that the crime of joyriding is not a lesser included offense of the crime of theft. Accordingly, *Sandoval* controls here and the trial court properly refused the tendered instruction.

## II.

Defendant next argues that the trial court erred in refusing to give his tendered instruction on specific intent. Instruction No. 8 given by the trial court stated:

"The laws of the State of Colorado provide that any person commits theft when he knowingly obtains or exerts unauthorized control over anything of value of another person with intent to deprive such other person permanently of the use or benefit of the thing of value."

This instruction is virtually identical to that approved in *Sandoval v. People, supra,* and clearly spells out the intent required to commit the crime of theft. We find no error here.

### III.

■ Defendant asserts that the court did not properly instruct the jury in regard to the defense of intoxication which, if believed, would have negated the essential element of specific intent. With this assertion we cannot agree.

The court's instruction No. 8 correctly informed the jury that the "intent to permanently deprive" was an element of theft. Instruction No. 8(a), concerning the defense of intoxication, further instructed the jury that intoxication could be considered in determining whether defendant was incapable of forming "the intent to commit the crime charged." When this instruction is read together with instruction No. 8, it is apparent that the jury was adequately advised of the relationship between the requisite specific intent and the defense of intoxication. *Claxton v. People,* 164 Colo. 283, 434 P.2d 407.

### IV.

■ In his next argument defendant contends that the incriminating statements were inadmissible because they were preceded by a defective advisement of his rights.

During trial, Sheriff Seabry testified as follows concerning the advisement he gave defendant:

"Well, first I put the handcuffs on Joe. Then I placed him in the car and then I said 'Joe, I am going to advise you of your rights.' At this point he said 'I've heard all that shit before.' I said 'I'm going to tell you anyway. You're going to hear it again.' Then I proceeded to tell him that he didn't have to say anything if he didn't want to but that if he did anything that he said could and would be used against him in a court of law; and he was entitled to have an attorney present and that if he could not afford an attorney that he could apply to the court and one may be appointed for him."

While this advisement does not parrot the precise language of *Miranda v. Arizona, supra,* we find it sufficient to convey the substance of the required *Miranda* warnings under the circumstances of this case. *Miranda, supra,* does not prescribe a ritualistic formula of words which must be uttered without deviation to be legally effective. *United States v. Vanterpool,*

394 F.2d 697 (2d Cir. 1968); *Coyote v. United States,* 380 F.2d 305 (10th Cir. 1967); *People v. Walker,* 2 Ill. App. 3d 1026, 279 N.E.2d 23; *Bohachef v. State,* 50 Wis. 2d 694, 185 N.W.2d 339. We conclude that the warnings given the defendant were adequate to inform him of his rights.

V.

■ Lastly, defendant contends that there was an unreasonable delay in taking him before the county judge, in violation of the requirements of Crim. P. 5. Before a violation of this rule may be grounds for reversal, it must be shown that the defendant was unfairly prejudiced or denied some basic constitutional rights by reason of the failure to comply with the rule. *People v. Wiedemer,* 180 Colo. 265, 504 P.2d 667; *People v. Reed,* 180 Colo. 16, 502 P.2d 952; *People v. Weaver,* 179 Colo. 331, 500 P.2d 980; *Aragon v. People,* 166 Colo. 172, 442 P.2d 397.

■ Under the record in this case, the failure to comply with Crim. P. 5 did not result in prejudice to the defendant, inasmuch as the defendant was properly advised as required by *Miranda v. Arizona, supra,* and thereafter chose to make the incriminating statements rather than to remain silent.

The judgment is affirmed.

MR. JUSTICE HODGES does not participate.