No. 25588

**The People of the State of Colorado v. William H. Edwards**

No. 25638

**The People of the State of Colorado v. Richard Thomas Torres**

(515 P.2d 1243)

Decided November 19, 1973.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Lee Belstock, Deputy, for defendants-appellants.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Case No. 25588 and Case No. 25638 were consolidated for this appeal.

On April 4, 1971, Edwards, while an inmate at Colorado State Penitentiary, was found with heroin in his possession. He was immediately transferred to a maximum security cell house. On April 26, 1971, he was served with a criminal complaint. He was not, however, brought before a county judge until July 23, 1971. Subsequently, the district attorney dismissed that complaint. On September 1, 1971, charges were refiled, and Edwards was again brought before a county court judge.

Although the Torres matter arises from a different set of circumstances, the legal principles involved are the same as in the Edwards matter. Torres escaped from the Colorado State Penitentiary on April 9, 1971. He was apprehended on the same day and immediately transferred to a maximum security cell house. A criminal complaint was filed against Torres on May 18, 1971. The following day he was brought before a county court judge.

Each of these defendants moved to dismiss his respective charges on the grounds that People failed to comply with Crim. P. 5(a)(1) in that the time interval between his arrest and his appearance before a county court judge was an "unnecessary delay." They contended that such delay in and of itself required discharge of the defendants as a matter of law. After separate hearings on their respective motions, the trial court denied the same. At trial each was found guilty as charged.

The only issue on appeal is whether the trial court erroneously denied the motions to dismiss the charges. Each defendant contends that his arrest occurred at the time when he was transferred to the maximum security cell house and that Crim. P. 5(a)(1) requires the State to present an arrestee to the county court judge within a reasonable time or be forever barred from prosecuting him for the crime for which he was arrested. We do not agree with defendants' position and, therefore, affirm.

We held in *People v. Wiedemer,* 180 Colo. 265, 504

P.2d 667 that:

"[B]efore an accused may prevail on such a motion, he must show that he would be unfairly prejudiced or would be denied some basic rights at trial because of the Crim. P. 5(a)(1) violation."

The records before us do not show how the right of either defendant to a fair trial was prejudiced by the failure of the State to take him before a county judge expeditiously. Nor does either defendant contend that any statement or any evidence was improperly admitted. *See Constantine v.. People,* 178 Colo. 16, 495 P.2d 208; *Jaggers v. People,* 174 Colo. 430, 484 P.2d 796; *Aragon v. People,* 166 Colo. 172, 442 P.2d 397. Under such circumstances, the question of when the arrest occurred is immaterial and we do not reach that question here. Suffice it to say, that we adhere to *Wiedemer, supra,* and that in the absence of a factual showing of prejudice, the failure to comply with Crim. P. 5(a)(1) does not require dismissal of a criminal charge.

The judgments are affirmed.

MR. JUSTICE ERICKSON concurs in the result.