The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Cindy Theresa GARCIA, a/k/a Margaret Theresa Garcia, a/k/a Margaret Casados, a/k/a Margaret Perez, Defendant-Appellee.

No. 86SA262.

Supreme Court of Colorado,
En Banc.

Dec. 7, 1987.

---

James F. Smith, Dist. Atty., Steven L. Bernard, Chief Trial Deputy, Brighton, for plaintiff-appellant.

Jeffrey L. Romeo, Northglenn, for defendant-appellee.

ROVIRA, Justice.

In 1983, the Denver District Court issued a warrant (the Denver warrant) for the arrest of the defendant, Cindy Theresa Garcia, for violating the terms of her 1980 probation sentence. On November 12, 1985, the Adams County Court issued a warrant (the Adams County warrant) for the arrest of Garcia in connection with an information charging her with aggravated robbery, auto theft, and conspiracy. Later that day, Denver police arrested defendant on the Adams County warrant.

On November 15, 1985, the defendant was taken before a Denver District Court judge, at which time she was advised on the probation revocation matter. At that time she was represented by counsel and a hearing on the revocation petition was set for November 27, 1985. Although Adams County officials knew by November 14 that defendant had been arrested in Denver pursuant to their warrant, they did not request that she be delivered to their custody.

Defendant's counsel subsequently sought and received a continuance of the revocation hearing until January 13, 1986, so that he could look into the Adams County charges. Three days before the January 13 hearing, the Adams County district attorney issued a writ of habeas corpus *ad prosequendam* seeking the defendant's appearance before an Adams County Court on January 15, 1986. At the January 13 hearing, the prosecution dismissed the revocation petition and the defendant's probation was terminated. She then appeared before the Adams County Court on January 15, more than two months after she had been arrested by Denver authorities on the Adams County warrant.

The defendant moved to dismiss the charges on the grounds that the prosecution had violated Crim.P. 5(a) by not having her brought before an Adams County Court for two months after her arrest in Denver, and this delay interfered with her ability to locate alibi witnesses. The trial court dismissed the charges after finding that the delay in bringing the defendant before the Adams County Court violated the 48-hour appearance requirement of Crim.P. 5(a)(3). The People appeal the order of dismissal contending that there was no violation of Crim.P. 5, but if there was the defendant has failed to show any prejudice resulting from the violation.

## I.

Crim.P. 5 provides in relevant part:

**(a) Felony Proceedings.**

**(1) Procedure Following Arrest.** If a peace officer or any other person makes an arrest, either with or without a warrant, the arrested person shall be taken without unnecessary delay before the nearest available county or district judge. Thereafter, a felony complaint, information, or indictment shall be filed, if it has not already been filed, without unnecessary delay in the proper court and a copy thereof given to the defendant.

. . . .

**(3) Appearance in the Court not Issuing the Warrant.** If the defendant is taken before a court which did not issue the warrant for his arrest, the judge shall inform him of the matters set out in subsection (a)(2) of this Rule and, allowing time for travel, set bail returnable not less than ten days thereafter before the court which issued the arrest warrant, and shall transmit forthwith a transcript of the proceedings and all papers in the case to the court which issued the arrest warrant. In the event the defendant does not make bail within forty-eight hours, the sheriff of the county in which the arrest warrant was issued shall return the defendant to the court which issued the warrant.

Under Crim.P. 5(a)(1), an accused must be taken before a judge "without unnecessary delay" to be advised of the rights set out in Crim.P. 5(a)(2), such as the right to counsel and the right to bail. If the accused is taken before a court which did not issue the warrant, then, in addition to informing the accused of the matters set out in Crim.P. 5(a)(2), the judge must set bail returnable before the court which issued the warrant and send a transcript of the proceedings to the same court. If the accused fails to make bail within 48 hours, then the sheriff of the county in which the arrest warrant was issued must make arrangements to deliver the accused to the issuing court. Crim.P. 5(a)(3).

The trial court ruled that since Garcia was not delivered to the Adams County Court within 48 hours of her November 15 Denver court appearance, there was a violation of Crim.P. 5(a)(3). Although we agree that the failure to deliver Garcia to Adams County constituted a violation of Crim.P. 5(a)(3), we do not view the violation so narrowly.

The delivery requirement under Rule 5(a)(3) comes into play only after the accused has been advised of the matters set out in Crim.P. 5(a)(2), bail set, and the accused has been unable to make bail within 48 hours. Garcia was not advised of the Adams County charges by the Denver court and the Denver court did not set bail on those charges. As a consequence, several requirements of Crim.P. 5(a)(3) were violated.

The People contend, in essence, that so long as Garcia was lawfully in the custody of Denver authorities on the Denver charges, there was no necessity to advise her about the Adams County charges pursuant to Crim.P. 5(a). We disagree.

We agree in principle that the detention of an accused on charges from different jurisdictions may give rise to permissible, necessary delays occasioned by the processing and arraignment of the accused on the charges from one jurisdiction before the accused is taken for judicial advisement on the charges from the foreign jurisdiction. Nonetheless, arresting authorities may not delay the accused's judicial advisement on the foreign charges until after the local charges are completely resolved. They must take the accused before a court "without unnecessary delay" for advisement on the charges underlying each of the warrants. Crim.P. 5(a)(1).

Moreover, while the accused's detention on the Denver charges may have justified some additional delay, there is no indication here that any delay could be attributed to the processing of those charges. Garcia was told that she was being arrested on the Adams County charges, and it was not until she had spent two days in jail that she learned of the probation revocation petition. Apparently, Denver authorities were

not even aware of their own outstanding 1983 warrant until Garcia was in custody, and in any event Garcia was not taken before a judge until three days after she had been arrested. *See People v. Heintze,* 200 Colo. 248, 614 P.2d 367 (1980) (condemning similar delay absent adequate justification by prosecutor).

## II.

Although we agree with the trial court that the defendant's Crim.P. 5 rights were violated, the record does not support the dismissal of the charges against Garcia. We have held repeatedly that:

> Before a violation of Crim.P. 5 may be grounds for [sanctions], the defendant must show that he was unfairly prejudiced or denied some basic constitutional right by reason of the failure to comply with the rule.

*People v. Hosier,* 186 Colo. 116, 121, 525 P.2d 1161, 1164 (1974). *See also People v. Florez,* 680 P.2d 219, 226 (Colo.1984); *People v. Raymer,* 662 P.2d 1066, 1071 (Colo. 1983); *People v. Johnson,* 653 P.2d 737, 739 (Colo.1982). Because the trial court failed to consider whether and to what extent Garcia was prejudiced by the violation, we consider it appropriate to remand the case for further proceedings.

■ An accused's right to be taken before the nearest court without unnecessary delay and to be advised of the matters set forth in 5(a)(2) is not based on the state or federal constitutions, but instead is granted by the Colorado Rules of Criminal Procedure and finds its ultimate authority in this court's supervisory power over state prosecutions. *People v. Florez,* 680 P.2d 219, 226 (Colo.1984). The type of prejudice that will justify relief for a violation of Crim.P. 5 must therefore be related to the harm the rule was promulgated to prevent.

The two purposes of Crim.P. 5 are:

> [T]o furnish a prophylaxis against abuses in the detention process and, more importantly, to place the accused in early contact with a judicial officer so that the

right to counsel may not only be clearly explained but also be implemented upon the accused's request.

*Heintze,* 200 Colo. at 252, 614 P.2d at 371.

Although Garcia asserts that she suffered prejudice in that her investigation of the charges was delayed until her arraignment in Adams County, she presented no evidence at the hearing to substantiate that assertion. In addition, she contends that the delay abridged her constitutional right to a speedy trial.

■ Upon remand, the trial court should consider the nature of the prejudice, if any, the defendant suffered from the two-month delay. If the defendant presents sufficient evidence of prejudice, the court should tailor the sanction it imposes to redress the prejudice caused by the violation. We have noted before that "[d]ismissal of the charges based upon a violation of Crim.P. 5 is seldom, if ever, the proper remedy," *Johnson,* 653 P.2d at 740, and we believe that such a drastic sanction should be imposed only when the violation of Crim.P. 5 renders the accused unable to fairly defend herself against the charges.

The trial court's order of dismissal is reversed and the case is remanded for further proceedings consistent with this opinion.

VOLLACK, J., specially concurs in part and dissents in part.

ERICKSON, J., joins in the special concurrence and dissent.

VOLLACK, Justice, specially concurring in part and dissenting in part:

Both the majority and the trial court conclude that under the facts of this case, Crim.P. 5(a)(3) was violated because the defendant was not taken before a court "without unnecessary delay" for advisement on the Adams County charges for which she was arrested by the Denver authorities.[1] In determining whether there is a violation of Crim.P. 5, each case must be

---

1. The trial court, after finding that there was no prosecutorial misconduct stated: "I think there was a real screw up in this thing.... I'm find-

ing that the system screwed up with regard to this one defendant."

considered on its own facts. *Aragon v. People*, 166 Colo. 172, 442 P.2d 397 (1968). In my opinion, the facts of this case do not add up to a violation of the rule and the majority has overstepped the clear intent of Crim.P. 5(a)(3) by finding one. The majority sends this case back to the trial court to determine whether the defendant was prejudiced by the violation. Based upon the stated purpose of Crim.P. 5 and because the abuses it was designed to curb are not in evidence, I believe that there was no violation of Crim.P. 5. Therefore, I concur in the reversal of the dismissal, but would remand the case with directions to set the case for trial.

At the outset it must be noted that the record of the proceedings in this case is meager, and some confusion exists concerning what happened and when it happened. Although the record as a whole tends to support a finding that the defendant was arrested by the Denver authorities on the Adams County charges, the trial court never specifically made this finding. At the time of her arrest, the defendant had two warrants outstanding: the March 1983 warrant issued by the Denver District Court for probation violation, and the November 1985 warrant issued out of Adams County for aggravated robbery, auto theft, and conspiracy. The majority states that the Denver authorities were not aware of their own outstanding 1983 warrant until after Garcia was in custody. Slip op. at 6. I do not think the record is clear on this issue and consider it to be irrelevant to the determination of the issue before us concerning the Adams County charges. The fact is that there was a Denver warrant for Garcia's arrest for probation violation and the Denver District Court timely advised her on this criminal charge.

The majority holds that Crim.P. 5(a)(3) was violated in this case as a consequence of Garcia not being advised of the Adams County charges by the Denver court and the Denver court's failure to set bond on those charges. Slip op. at 5. This conclusion would be correct if the facts were different than those presented to us by this case. Here, as a factual and practical matter, the majority's analysis concerning vio-

lations of Crim.P. 5 fails for several reasons. First, the Adams County arrest warrant provided for bond in the amount of $10,000 on the face of the warrant. Thus, the Denver court would have no need and no authority to set bail for the Adams County charges. Second, the defendant was being held in Denver jail on a Denver charge, in addition to the Adams County charges, and therefore could only be released to Adams County authorities under a writ of habeas corpus *ad prosequendam* issued by the Adams County District Court. The Denver sheriff would not have been able to comply with the 48 hour provision of Crim.P. 5(a)(3) because of the pending Denver probation violation charge.

The declarations of purpose for Crim.P. 5 set forth in our case law support the conclusion that no violation occurred in this case. As noted by the majority, we have stated that "[t]he purpose of rule 5 is to furnish a prophylaxis against abuses in the detention process and, more importantly, to place the accused in early contact with a judicial officer so that the right to counsel may not only be clearly explained but also be implemented upon the accused's request." *People v. Heintze*, 200 Colo. 248, 252, 614 P.2d 367, 371 (1980). "The purpose of the rule is to insure that the defendant is adequately informed of his [or her] rights." *People v. Casey*, 185 Colo. 58, 62, 521 P.2d 1250, 1252 (1974). "The purpose of Crim.P. 5 ... is to insure that an accused is fully informed and completely understands all of his [or her] constitutional rights before he [or she] makes any statement to the police." *People v. Reed*, 180 Colo. 16, 20, 502 P.2d 952, 954 (1972).

Here, we have a case of one jurisdiction disposing of its own charge first, instead of shuffling the defendant from one county to another. The two month delay in the judicial advisement on the Adams County charges is directly attributable to the continuance requested by Garcia's attorney during the Denver hearing for the probation violation. The continuance was requested specifically so that Garcia's attorney could look into the Adams County charges. In asking for the continuance,

the defendant waived her right to a hearing within fifteen days on the probation violation, pursuant to section 16–11–206, 8A C.R.S. (1986). This points up an important fact which deserves emphasis: on November 15, 1985, the defendant was represented by a public defender at the Denver probation violation hearing. The defendant was aware of the Adams County charges against her, and bond had been set in the arrest warrant. This is not an instance where a defendant sits in jail for two months without knowing what criminal charges were outstanding and without representation. During this period Garcia had an attorney investigating the Adams County charges. The hearing for the probation violation was continued at the request of the defendant until January 13, 1985, at which time the probation charge was withdrawn. The defendant was then timely transferred to Adams County and appeared in court on January 15, 1985, and was advised under Crim.P. 5.

The purpose of the rule, to abolish unlawful detention which provides an opportunity for improper pressure by police, *United States v. Carignan*, 342 U.S. 36, 72 S.Ct. 97, 96 L.Ed. 48 (1951), is not served by finding a violation of the rule in this case. The case law concerning Crim.P. 5 most frequently involves the admissibility of statements or confessions made prior to the judicial advisement. *See, e.g., People v. Heintze*, 200 Colo. 248, 614 P.2d 367 (1980); *People v. Weaver*, 179 Colo. 331, 500 P.2d 980 (1972). No contention is made here that Garcia was subjected to detention abuses while in custody, or that she was questioned at all about the Adams County charges. The police did not arrest Garcia on one charge and use her detention for investigating a different crime. *See Carignan*, 342 U.S. at 46, 72 S.Ct. at 102.

Lastly, the defendant claims that the delay in advising her in Adams County interfered with the preparation of her defense because her defense relied on an alibi witness. This assertion is without merit based upon the facts. Garcia's attorney requested a continuance of the Denver probation revocation hearing to investigate the aggravated robbery charge. Presumably he did just that and it is hard to see how the formal judicial advisement would have any additional effect upon finding an alibi witness.

The delay in resolution of the Denver charge was attributable to the defendant. I believe that the majority's conclusion that there was a violation of Crim.P. 5 is too formalistic an approach to the rule. The reason for adoption of the rule, i.e., to prevent abuses in the detention process, is not applicable to this case.

Accordingly, I would reverse the trial court and remand the case to be set for trial.

I am authorized to state that Justice ERICKSON joins me in this special concurrence and dissent.